# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **THOMAS MOORE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: |
| | ) |
| **WOODS EXPRESS, LLC** | ) |
| **and SIDNEY WOODS** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

**COMES NOW** Plaintiff Thomas Moore (hereinafter "Moore" or "Plaintiff") by his undersigned attorney, David A. Hughes, and brings this action against Woods Express, LLC (hereinafter "Woods Express") and Sidney Woods for damages and other legal and equitable relief for the Defendant's violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq.,* ("FLSA") and other laws. In support thereof, the Plaintiff states the following:

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b) and 217 and 28 U.S.C. § 1331. This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because the Defendants are subject to personal jurisdiction in the Northern District of Alabama.

3. At all relevant times herein, the Defendants' business activities were/are related and performed through unified operations or common control for a common business purpose and constituted/constitute an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4. At all relevant times herein, the Defendants employed and continue to employ persons in its place of business in furtherance of the activities of the above enterprise while engaged in interstate commerce, and, also at all relevant times herein, the Defendants engaged and continue to engage in commerce by handing, selling, and/or working on good or materials that have been moved in, or produced for, interstate commerce.

**PARTIES**

5. Plaintiff Moore is currently a resident of McMinnville, Tennessee and performed work for the Defendants in Jefferson County, which is in the Northern District of Alabama. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1).

6. Woods Express, LLC operates a freight shipping trucking company located at 8547 Woodview Lane, Pinson, AL 35126 and has done so at all times

relevant for the filing of this complaint, and the time periods referenced in this complaint.

7. Defendant Sidney Woods is, upon information and belief, a resident of Alabama and is an adult over the age of twenty-one (21).

8. Defendant Sidney Woods is, upon information and belief, the owner and an officer of Woods Express, LLC. At all times relevant to the claims made the basis of this suit, Defendant Sidney Woods was acting in his capacity as owner and officer and had operational control over the day-to-day functions of the Plaintiff, had direct responsibility for the compensation of the Plaintiff, and determined the day-to-day functions of the Plaintiff. Defendant Sidney Woods personally had the power to hire and fire the Plaintiff, personally supervised and controlled the Plaintiff's work schedules and conditions of his employment, personally determined the rate and method of payment to the Plaintiff as well as the Defendants' pay policies, and personally had involvement in and, to the extent that they were and are maintained, maintained the pay and employment records of the Plaintiff.

9. At all times material to this action, the Defendants have been an enterprise engaged in the commerce or in the production of goods for commerce as defined by § 203(s)(1) of the FLSA.

10. Woods Express, LLC is an interstate company whose employees are engaged in interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in commerce.

11. Woods Express LLC's annual gross volume of business exceeds $500,000.

12. At all times relevant to this action, each Defendant was an "employer" of the Plaintiff as defined by § 203(d) of the FLSA, and the Plaintiff was an "employee" of Defendants as defined by § 203(e)(1) of the FLSA. The Plaintiff worked for the Defendants within the territory of the United States within three years preceding the filing of this lawsuit.

13. Defendants Woods Express, LLC and Sidney Woods are sometimes referred to in this Complaint collectively as the "Defendants," which is meant to refer to and include all named defendants.

## STATEMENT OF FACTS

14. The Plaintiff adopts by reference each and every material averment above as if fully set forth herein.

15. The Plaintiff worked for the Defendants as a truck driver from on or about June 6, 2019 through on or about July 1, 2020.

16. In doing so, and driving goods and loads at the Defendant's direction that the Defendants had contracted with third party entities to transport, from one

state to the other, Plaintiff rendered services for Defendants that were directly involved in interstate commerce.

17. The Plaintiff's work for the Defendants was such that it engaged in commerce or in the production of goods for commerce and invoked individual coverage under the FLSA.

18. The Plaintiff provided work and services for the Defendants at the Defendants' express direction, in the Defendant's truck, and on a schedule and basis solely determined by the Defendants.

19. The Defendants required, in writing, the Plaintiff to "comply with all Contractee's (Woods Express) Rules and Regulations in accordance with Contractte's (Woods Express) policies" including, among other things, that Plaintiff was to keep the inside of Defendant's truck that he was assigned clean or he would be fined $50 by Defendants.

20. The Defendants required, in writing, that Plaintiff "devote his full attention and time, during work hours, to the performance of his duties and the business affairs of the Contractee (Woods Express), in addition to performing said duties faithfully and efficiently as directed by Owner (Sidney Woods) or Supervisor (also Sidney Woods) of the Contractee (Woods Express)."

21. The Defendants also memorialized in writing that throughout Plaintiff's employment, that the Defendants "reserve(d) the right to increase and or

revise the Contractor's (Plaintiff's) role and responsibilities, whether through reorganization of his position or promotion. Any change in the Contractor's (Woods Express) pay scale, due to the changes or responsibilities, will be at the sole discretion of the" Defendants.

22. The Defendant provided all equipment, material and supplies such as the truck, gas, etc. that Plaintiff used to perform his work, and Plaintiff had no material investment in the performance of his duties other than his personal driving manpower.

23. During the entire time that Plaintiff worked for Defendants, he solely and exclusively worked for Defendants and did not haul or deliver any loads for any other business. He was, as required in writing by Defendants to devote his working hours to Defendants, solely and exclusively working for Defendants.

24. The compensation that Defendants agreed to pay Plaintiff per the written agreement between the parties was 20% of each load transported by the Plaintiff, "minus $450 biweekly for insurance payment with yearly evaluations and/or rate increases as deemed appropriate and said amount to be determined by the Supervisor (Sidney Woods) of the Contractor (Woods Express)."

25. The Plaintiff worked roughly 60-70 hours a week during the workweeks while he was in the employ of the Defendants. On many workweeks, specifically including all workweeks in the continuous time that Plaintiff worked

for the Defendants from January 1, 2020 to July 1, 2020 for which the Plaintiff received no pay at all, Plaintiff's compensation did not meet or exceed even minimum wage.

26. Plaintiff was, at all times, a non-exempt employee per the FLSA.

27. The Defendants did not pay minimum wage for the Plaintiff at all for the hours that he worked.

28. These violations are known to the Defendants, including Defendant Sidney Woods, and were willful in nature.

29. As a result of the Defendants' practices, the Plaintiff worked every workweek without receiving legally required minimum wage pay for all hours worked.

## COUNT ONE
## FLSA Violations

30. The Plaintiff adopts by reference each and every material averment above as if fully set forth herein.

31. The Defendants have failed and refused to comply with the FLSA's wage requirements by failing to pay the Plaintiff the required minimum wage for all of his hours worked.

32. The Defendant's failure to pay the Plaintiff minimum wage is impermissible under the FLSA.

33. The Defendants have failed to properly pay the Plaintiff within the last three (3) years preceding the filing of this complaint.

34. The Defendants' willful violations have caused financial damage to the Plaintiff, consisting of loss of pay.

35. At all material times herein, the Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

36. None of the FLSA exemptions apply to the Plaintiff, who was a non-exempt employee. Accordingly, the Plaintiff must be paid in accordance with the FLSA.

37. The Defendants' failure to accurately pay minimum wage was, and is, willfully perpetrated. The Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, the Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

38. The Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate as well as reimbursement of his costs, attorneys' fees, and expenses incurred.

39. As a result of these willful violations of the FLSA, compensation has been unlawfully withheld by the Defendants from the Plaintiff for which the Defendants are liable pursuant to 29 U.S.C. § 216(b).

## COUNT TWO
**Common Law Unjust Enrichment**

40. The Plaintiff adopts by reference each and every material averment above as if fully set forth herein.

41. The Defendants have received and benefited from the uncompensated labors of the Plaintiff, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

42. At all relevant times hereto, the Defendants devised and implemented a plan to increase their earnings and profits by fostering a scheme of securing work from the Plaintiff without paying any compensation for some hours worked.

43. Contrary to all good faith and fair dealing, the Defendants induced the Plaintiff to perform work but failing to pay compensation for many hours worked.

44. By reason of having secured the work and efforts of the Plaintiff without paying the appropriate compensation, the Defendants enjoyed reduced overhead with respect to their labor costs, and therefore realized additional earnings and profits to their own benefit and to the detriment of the Plaintiff. The Defendants retained and continue to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

45. Accordingly, the Plaintiff is entitled to judgment in an amount equal to the benefits unjustly retained by Defendants.

## PRAYER FOR RELIEF

The Plaintiff respectfully requests that the Court grant the following relief:

A. That the Court issue proper process to compel the Defendants to answer or otherwise plead to the allegations contained in this Complaint;

B. That this Court award the Plaintiff the amount of his unpaid legally required wages, plus an additional equal amount as liquidated damages;

C. That this Court award the Plaintiff judgment against the Defendants for all reasonable attorneys' fees, costs, disbursements, and interest;

D. For such other and further relief as this Court deems equitable, proper and just.

Dated this 19th day of January, 2021.

    Respectfully,

**_S/David A. Hughes_**
David A. Hughes (ASB 3923-U82D)
*Attorney for Plaintiff*
Hardin & Hughes, LLP
2121 14th Street
Tuscaloosa, Alabama 35401
Telephone: (205) 523-0463
Fax: (205) 756-4463
E-mail: dhughes@hardinhughes.com

## DEFENDANTS' ADDRESSES

**Woods Express, LLC**
c/o Sidney S. Woods (Registered Agent)
8547 Woodview Lane
Pinson, Alabama 35216

**Sidney Woods**
8547 Woodview Lane
Pinson, Alabama 35126